UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DEROYAL INDUSTRIES, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CV-534 |
| | ) | | (VARLAN/GUYTON) |
| HENDRICKS ORTHOTIC PROSTHETIC | ) | | |
| ENTERPRISES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM AND ORDER**

**I.     Introduction**

This patent and trademark infringement case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue filed by defendant Hendricks Orthotic Prosthetic Enterprises, Inc. ("HOPE") [Doc. 5]. HOPE asserts that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), due to lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(3), due to improper venue. Alternatively, HOPE contends the matter should be transferred to either the Northern District of Georgia or the Middle District of Florida, pursuant to 28 U.S.C. § 1404. Plaintiff DeRoyal Industries, Inc. ("DeRoyal") has responded in opposition that personal jurisdiction and venue are proper and that this matter should not be dismissed or transferred [Doc. 6]. The motion is ripe for determination.

The Court has carefully considered the pending motion and related pleadings in light of the entire record and controlling law. For the reasons set forth herein, HOPE's motion to dismiss, or in the alternative, motion to transfer will be **DENIED**.

**II.     Relevant Facts**

Plaintiff DeRoyal is a Tennessee corporation with a principal place of business in Powell, Tennessee. DeRoyal manufactures and distributes healthcare products, including medical supportive devices such as orthopedic braces. DeRoyal is the owner of U.S. Patent No. 5,853,378 (the "'378 patent") which claims a lumbo-sacral orthopedic brace. DeRoyal also is the owner of U.S. Trademark Registration No. 1,525,462 (the "'462 trademark") for the mark STAT for medical supportive and immobilizing devices. The primary manufacturing location of DeRoyal's STAT branded products is known as STAT Fab.

Defendant HOPE is a Florida corporation with a principal place of business in Orlando, Florida. HOPE also manufactures and distributes orthopedic devices, including orthopedic braces under the trademark ORTHOLUX. The ORTHOLUX product is a competing product of DeRoyal's ORTHOLIGN and ULTRALIGN products. [Doc. 6, Henry Dec. at ¶ 3.] HOPE employs nine people and has annual revenues of approximately $900,000.

DeRoyal alleges that HOPE sells the ORTHOLUX braces in the Eastern District of Tennessee by and through Alexander Prosthetics & Orthotics, Inc. ("Alexander"), a company with a place of business in Kingsport, Tennessee, and also through an Internet website. [Doc. 1 at ¶ 27.] Alexander is a customer of DeRoyal. [Doc. 6, Henry Dec. at ¶ 2.] Nicol Henry, the Director of Marketing of the Patient Care Division of DeRoyal, has observed HOPE's ORTHOLUX product at the Alexander facility in Kingsport. [*Id*. at ¶ 3.] Ms. Henry was advised by a manager at Alexander's facility that Alexander has replaced its needs for DeRoyal's ORTHOLIGN and ULTRALIGN products with HOPE's ORTHOLUX product. [*Id*. at ¶ 4.] DeRoyal also alleges that

2

HOPE uses the trademark STATFAB in connection with the marketing, sale, and advertising of the accused devices.

According to David Hendricks, HOPE's Chief Executive Officer, HOPE sells to professional orthotists who fit third-party patients with a large variety of orthotic and prosthetic devices. Hope does not offer its products directly to the public. [Doc. 5, Ex. 1 at ¶¶ 4-5.] Mr. Hendricks further states that HOPE sells its orthopedic braces through contractual arrangements which are negotiated at HOPE headquarters in Orlando, Florida. HOPE generates the contracts, purchase orders and/or invoices, which are founded upon the laws of the State of Florida, at its Orlando headquarters. [*Id*. at ¶ 6.] HOPE claims that it has no control over the subsequent sale or distribution of the orthopedic braces once the sale is made to the client or orthotist in Orlando, Florida. [*Id*. at ¶ 7.] Mr. Hendricks claims that www.statfab.com is a passive website and no sales or transactions are completed through it. [*Id*. at ¶ 8.] HOPE does not own or operate property or facilities in Tennessee, nor has it contracted to do so. [*Id*. at ¶ 9.] HOPE asserts that it does not have an agency relationship with Alexander or any other orthotist. HOPE further asserts that it has no control over any business dealings, sales, conduct or contact of any orthotists. [Doc. 5, Ex. 1 at ¶ 10.]

DeRoyal alleges that HOPE's ORTHOLUX brand product infringes on the '378 patent, and that HOPE's use of the mark STATFAB infringe on the '462 trademark. DeRoyal also asserts claims of federal unfair competition, common law trademark infringement and unfair competition.

HOPE seeks to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(3) for improper venue. In the alternative, HOPE seeks to transfer the action pursuant to 28 U.S.C. § 1404 to either the Northern District of Georgia or the Middle District of Florida.

**III. Analysis**

    A.    <u>Personal Jurisdiction</u>

Pursuant to Fed. R. Civ. P. 12(b)(2), which provides that a defense of lack of personal jurisdiction may be raised by motion, HOPE asserts that this matter should be dismissed. HOPE argues that it is not located in Tennessee and has not engaged in any activity within Tennessee that would subject it to Tennessee's long-arm statute. Hope further argues that it has not had any systematic and continuous contact with Tennessee, nor has it established or maintained sufficient "minimum contacts" in Tennessee such that the exercise of personal jurisdiction would comport with the traditional notions of fair play and substantial justice. [Doc. 5 at p. 2.]

Because this is a patent infringement case, this Court is instructed to apply the law of the Federal Circuit to determine personal jurisdiction. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). The burden of establishing jurisdiction is on the plaintiff. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). However, because this Court is deciding the motion based solely on the pleadings, the plaintiff need only make a prima facie showing of jurisdiction. *Silent Drive*, 326 F.3d at 1201. All pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.*

In order to establish personal jurisdiction in a patent infringement case over a non-resident defendant whose products are sold in the forum state, a plaintiff must show both that the state long-arm statute applies and that the requirements of due process are satisfied. *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1319 (Fed. Cir. 2005). In this case, HOPE was served with process under the Tennessee long-arm statute, which extends the jurisdiction of Tennessee courts to the full extent of due process. Tenn. Code Ann. § 20-2-214; *Third Nat'l Bank*

4

*v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990). Thus, the analysis folds into one inquiry: whether an exercise of personal jurisdiction over HOPE would offend due process. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *Red Wing Shoe Co.*, 148 F.3d at 1358.

Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and that these contacts be "purposeful," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). In addition, "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Purposeful minimum contacts may create "general" or "specific" jurisdiction. General jurisdiction requires the defendant to have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts. *Silent Drive, Inc.*, 326 F.3d at 1200. Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. *3D Systems, Inc. v. Aaortech Labs, Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). HOPE argues that it does not maintain continuous and systematic contacts with Tennessee sufficient to establish general jurisdiction, a point that DeRoyal does not really contest. Instead, the focus of parties' briefs, and therefore this Court's analysis, is whether the Court has specific personal jurisdiction over HOPE.

The Federal Circuit has developed a three-prong minimum contacts test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the claim arises out of or relates to the defendant's activities in the forum state; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Id*. The plaintiff bears the burden of proving the first two elements; upon such a showing, the defendant must prove that the exercise of jurisdiction is unreasonable. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004).

1.  <u>Whether HOPE purposefully directed its activities at residents of Tennessee</u>

HOPE argues that neither the alleged sale of products through its website (which HOPE disputes) nor the sale of products to Alexander are sufficient to support a finding of personal jurisdiction. Specifically, HOPE contends that it does not sell products directly from its website; rather, the website is merely a "passive" method of communicating product information and contact information with potential customers. HOPE further argues that it merely places its products in the stream of commerce, which is insufficient to show that HOPE acted purposefully toward the forum state. [Doc. 5 at pp. 9-11.]

DeRoyal argues that HOPE's sale of the accused ORTHOLUX spinal braces to Alexander supports a finding of specific jurisdiction. DeRoyal relies on *Red Wing Shoe Co.*, 148 F.3d at 1359, for the proposition that even a single act can support a finding of minimum contacts for specific jurisdiction without offending due process. DeRoyal notes that HOPE has not denied that Alexander is a customer of the defendant. Further, in its motion to dismiss, HOPE alleges that it "sells products to thousands of independent prosthetic and orthotic distributors throughout the United States" and that placing its product in the stream of commerce might result in some of its accused ORTHOLUX

product ending up in Tennessee. [Doc. 5 at p. 9.] DeRoyal also notes that HOPE alternatively states first that it sells the accused devices in Florida [Doc. 5 at pp. 11-12], but also that Georgia represents HOPE's largest market share, followed by Florida [*Id*. at p. 13]. Additionally, DeRoyal points to evidence that it has suffered a significant loss of sales based on HOPE's sale of the accused products to Alexander. Finally, DeRoyal contends that HOPE's website allows customers to "place an order" which initiates e-mail correspondence with HOPE and further provides payment and shipping information.

Viewing the evidence in the light most favorable to DeRoyal, the record reflects that HOPE sells orthotic braces to Alexander, a Tennessee corporation. The record is silent as to whom Alexander sells the accused products – whether to patients in Tennessee or elsewhere. Nevertheless, the stream of commerce theory, as articulated by the Federal Circuit, provides that the "forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297-98). The Federal Circuit has held that the purposeful shipment of accused products into the forum state through an established distribution channel is sufficient to establish specific jurisdiction. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir.), *cert. denied*, 512 U.S. 1273 (1994). In the present case, the accused products are sold to a company in Tennessee directly, rather than through a "distribution channel," providing a more direct connection to this District. Accordingly, the Court finds that HOPE has purposefully directed its activities toward the state of Tennessee through its sale of the accused ORTHOLUX product to Alexander. Thus, DeRoyal has

7

satisfied its burden of establishing the first prong of the three-part test for specific personal jurisdiction and the Court need not determine whether HOPE's website is sufficient to establish personal jurisdiction.

        2.      <u>Whether the claim arises out of or relates to HOPE's activities in Tennessee</u>

HOPE argues that it manufactures and sells the accused products in Florida and thus no allegedly infringing activities have occurred within Tennessee. [Doc. 5 at pp. 11-12.] Although HOPE is apparently relying on Mr. Hendricks' testimony that its sales are negotiated at HOPE headquarters in Florida, it is undisputed that HOPE sells its orthopedic braces to Alexander, a Tennessee corporation and that those sales form the basis of DeRoyal's patent infringement claims. *See* 35 U.S.C. § 271(a) (patent infringement occurs when someone "without authority makes, uses, offers to sell or sells any patented invention"). Thus, the Court concludes that DeRoyal's claims arise out of and relate to HOPE's business activities which are purposefully directed at Tennessee.

        3.      <u>Whether the assertion of personal jurisdiction is reasonable and fair</u>

Once the plaintiff has satisfied its burden with respect to the first two prongs, the defendant bears the burden of establishing that personal jurisdiction is constitutionally unreasonable. *Electronics for Imaging,* 340 F.3d at 1350. HOPE argues that because it is not a resident of Tennessee and does not own or operate facilities or properties in Tennessee, and no part of the events giving rise to the Complaint occurred in Tennessee, it should not be subject to personal jurisdiction in Tennessee. However, the Court has already found that HOPE has purposefully directed its activities toward Tennessee through its sales of the accused products to Alexander. Having put forth no other reasons why the exercise of personal jurisdiction would be unreasonable

and unfair, the Court thus finds personal jurisdiction is proper. HOPE"'s motion to dismiss for lack of personal jurisdiction will be denied.

B.  Venue

With regard to HOPE's motion to dismiss on the basis of improper venue, venue in a patent infringement case exists where there is personal jurisdiction. *Trintec Indus.*, 395 F.3d at 1280; *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Therefore, for the reasons set forth above, this Court has personal jurisdiction over HOPE and thus is a proper venue. The motion to dismiss will be denied on this basis as well.

C.  Transfer

In the alternative, HOPE argues that this action should be transferred to the United States District Court for the Northern District of Georgia or the Middle District of Florida. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This Court has broad discretion in considering a motion to transfer under § 1404(a). *Ellipsis, Inc. v. Colorworks, Inc.*, 329 F. Supp.2d 962, 970 (W.D. Tenn. 2004). The burden is on the moving party to establish the need for a change of forum. *Paragon Financial Group, Inc. v. Bradley Factor, Inc.*, 2003 WL 23471548, at *11 (E.D. Tenn. 2003). The plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *Id*. at *12. The threshold consideration is whether the action is one which could have been brought initially in the proposed transferee district. *Returns Distribution Spec., LLC v. Playtex Prods., Inc.*, 2003 WL 21244142, at *6 (W.D. Tenn. 2003).

9

In deciding whether to transfer a case because the forum is inconvenient, the Court is to consider the following factors: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute. *Paragon Financial Group, Inc.*, 2003 WL 23471548, at *11 (E.D. Tenn. 2003). In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive. *Cherokee Export Co. v. Chrysler Int'l Corp.*, 142 F.3d 432, 1998 WL 57279, at *2 (6th Cir. 1998). Additionally, a transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *Paragon Financial Group*, 2003 WL 23471548, at *12. The Court will therefore consider all of these factors in light of the record.

1. Where the Action Could Have Been Brought

Neither party specifically addresses whether this action could have been brought in the Northern District of Georgia or the Middle District of Florida. However, a patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Thus, HOPE would be subject to personal jurisdiction in the Middle District of Florida, where its principal place of business is located, and presumably, based on HOPE's representations regarding its sales, in the Northern District of Georgia. The Court therefore concludes that this action could have been brought in either of the proposed transferee districts.

2. Convenience of the Parties and Witnesses

HOPE argues that Florida, home of its principal place of business, and Georgia, where it has substantial business contacts, are more convenient forums for defendant. HOPE contends that

10

necessary parties, witnesses and documentation are located in Florida and Georgia. Finally, HOPE suggests that DeRoyal has a facility in Sanford, Florida, thus limiting the burden on DeRoyal. DeRoyal argues that both parties conduct business throughout the country.

HOPE then asserts that the imbalance of resources, and the resultant disproportionate inability of the defendant to bear the costs of litigating in Tennessee, renders the state of Tennessee an unfair forum. HOPE relies on *Magee v. Essex-Tec Corp.*, 704 F. Supp. 543, 549 (D. Del. 1988), where the court took into account the financial condition of the parties involved. That case, however, is distinguishable because the plaintiff brought the action in a forum unrelated to the plaintiff's residence, principal place of business, or the site of the activities of the lawsuit. *Id.* at 547. Because of the chosen forum's disconnection to the lawsuit, the court deemed it less difficult for the defendant to meet his burden of proof to demonstrate that the balance of factors tips in favor of transfer. *Id.* at 547-48. In the present case, DeRoyal's principal place of business is in this District, as well as the site of at least some of the activities relevant to the lawsuit. Further, the defendant in *Magee* was able to demonstrate that the costs of litigating the suit in the plaintiff's chosen forum would threaten the livelihood of its company. *Magee*, 704 F. Supp. at 548. In contrast, HOPE has failed to prove that its motion to transfer would do more than merely shift the inconvenience of litigation to DeRoyal. While the Court acknowledges that HOPE might have fewer expenses if the action were transferred, the Court does not find that such a consideration, without more, tips these factors in the defendant's favor.

### 3. The Location of the Events

HOPE argues that the emphasis in patent and trademark infringement cases is where the allegedly infringing activity occurred. HOPE contends that the allegedly infringing acts took place

11

in Florida, a factor which favors transfer of venue. DeRoyal contends that it has lost significant sales in this District due to HOPE's allegedly infringing conduct.

The Court is not persuaded that HOPE's sales to Alexander can be characterized as occurring solely in Florida. HOPE's sales and shipment of the accused product to a Tennessee company necessarily mean that at least some of the allegedly infringing activity took place in this District.

HOPE's final argument supporting its request to transfer is that the Northern District of Georgia would be the most efficient forum, and would thus serve the interests of justice better, because that court has previously decided a case on the '378 patent at issue. DeRoyal indicates that the Georgia case concerning the '378 patent is no longer pending and further that it involved a different defendant and infringing product. Therefore, the Court does not find this argument convincing and the motion to transfer will be denied.

**IV.    Conclusion**

For all of the reasons set forth herein, the motion to dismiss, or in the alternative, motion to transfer filed on behalf of HOPE [Doc. 5] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE